UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONA JOHNSON | CIVIL ACTION |
| VERSUS | NO. 10-652 |
| AMERICAN SECURITY INSURANCE COMPANY | SECTION "C" (4) |

ORDER AND REASONS

This matter comes before the Court on the issue of subject matter jurisdiction. Having considered the record, the memoranda of counsel and the law, the Court dismisses for lack of subject matter jurisdiction for the following reasons.

The plaintiff in this severed Katrina matter claims breach of contract and breach of implied covenant of good faith and fair dealing under La.Rev.Stat. §§ 22:658 and 1220. The plaintiff alleges in the amended complaint against the homeowner's insurer that jurisdiction exists on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). The Court ordered memoranda and proof directed to the issue of its subject matter jurisdiction.

The plaintiff argues in response to the Court's order that jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)("CAFA")[1] and diversity

---

[1] Section 1332(d)(2)(A) allows for original jurisdiction where the amount in controversy exceeds $5,000,000 in class actions in which "any member of a class of

jurisdiction. The Court finds the plaintiff's argument that jurisdiction exists under CAFA is ill-founded. The case from which this matter was severed, *Adams v. American Security Insurance Co.*, Civ. Act. No. 09-2609 "K" was also based on diversity jurisdiction under Section 1332(a), not CAFA. In addition, the claims from which the *Adams* claims were severed, *Abadie v. Aegis Security Insurance Co.*, Civ. Act. 06-5164 "K" and *Abadie v. Aegis Security Insurance Co.*, 07-5112 "K" were declared misjoined. *In re Katrina Canal Breaches Consolidated Litigation,* Civ. Act. No. 05-4182 "K", Rec. Docs. 17017, 19561. The plaintiff does not and can not argue that any order recognized previous joined claims as properly joined under CAFA or otherwise. In addition, no class relevant to the instant claims has ever been recognized under CAFA or otherwise in the history of the expanded litigation from which these claims were severed. Any class action has been dismissed, and "a severed action must have an independent jurisdictional basis." *Honeywell International Inc. v. Phillips Petroleum Co,* 415 F.3d 429, 432 (5th Cir. 2005). See also *Washington v. American Security Insurance Co.*, Civ. Act. 10-685 "S", Rec. Doc. 8.

With respect to diversity jurisdiction, the parties represent that the policy limits are $41,000/$4,100. Ordinarily, policy limits do not determine the amount in controversy, unless the value of the claim exceeds the value of the policy. *Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). Here, the figures fall

---

plaintiffs is a citizen of a State different from any defendant."

short of the jurisdictional minimum necessary for diversity jurisdiction under Section 1332(a) no matter how they are viewed.[2]

The figures provided in response to the Court's orders do not otherwise support subject matter jurisdiction. The parties represent that approximately $12,666 plus $765 was paid under the policy in November 2005. The plaintiff also presents an undocumented demand and "loss breakdown/wind" for $64,293 outstanding as of April 2006.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). "The court's obligation to determine that the requisite jurisdictional amount is present is independent of the parties' assertions or desires." Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14AA *Federal. Practice & Procedure* 3702 (West). Here, the plaintiff bears the burden of establishing subject matter jurisdiction by showing that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount of $75,000. *Id.*; *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). "[T]he plaintiff must demonstrate that there is a *possibility* of recovering more than the

---

[2]The claim for statutory penalties is speculative for purposes of determining the jurisdictional minimum. Facts indicating the propriety of such penalties must be presented. *Magee v. American Security Insurance*, 2009 WL 1707920 (E.D.La.); *Schaeffer v. Allstate Insurance Co.*, 2008 WL 4058867 (E.D.La.).

jurisdictional minimum, and must do so by a preponderance of the evidence supported by competent proof." James Wm. Moore,15 *Moore's Federal Practice* §102.107[1] (Lexis 2009)(emphasis original). Here, the figures fall short of the jurisdictional minimum necessary for diversity jurisdiction under Section 1332(a).[3]

Sufficient opportunity has been provided to file in state court.

Accordingly,

IT IS ORDERED that this matter be and hereby is DISMISSED for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 30th day of June, 2010.

                                               HELEN G. BERRIGAN
                                               UNITED STATES DISTRICT JUDGE

---

[3] The claim for statutory penalties is speculative for purposes of determining the jurisdictional minimum. Facts indicating the propriety of such penalties must be presented. *Magee v. American Security Insurance*, 2009 WL 1707920 (E.D.La.); *Schaeffer v. Allstate Insurance Co.*, 2008 WL 4058867 (E.D.La.).